**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SISTERREACH, INC., and MIDWEST ACCESS COALITION, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 2:24-cv-02446-SHL-tmp |
| JONATHAN SKRMETTI, in his official capacity as Attorney General of Tennessee, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING MOTION FOR SCHEDULING CONFERENCE AND**
**MOTION TO DISMISS PLAINTIFF SISTERREACH, INC.**

Before the Court are two motions by Plaintiffs SisterReach, Inc., and Midwest Access Coalition, Inc.  The first is the Opposed Motion for Scheduling Conference or, in the Alternative, Status Conference, filed March 5, 2025.  (ECF No. 42.)  Defendants responded on March 17, 2025.  (ECF No. 43.)  The second is the Unopposed Motion to Dismiss Plaintiff SisterReach, Inc., filed on October 1, 2025.  (ECF No. 46.)  Defendants do not object to this second Motion. For the reasons stated below, both Motions are **GRANTED**.

## I.  Motion for Scheduling Conference

Plaintiffs filed their complaint on June 27, 2024, seeking a declaration that Tennessee bill SB 1971, codified as Tennessee Code Annotated § 39-15-201, entitled "Abortion trafficking of a minor," is unconstitutional.  (ECF No. 1 at PageID 39.)  The following day, the Court denied Plaintiffs' motion for a temporary restraining order because they had "not certified in writing any efforts they made to give notice to Defendants and the reasons why such notice should not be required."  (ECF No. 14 at PageID 723.)  The bill took effect on July 1, 2024.  (ECF No. 42 at

1

PageID 1080.)  Since that time, the Court held a hearing on Plaintiff's motion for preliminary injunction on July 12, 2024 (ECF No. 27), and Defendants filed a motion to dismiss for failure to state a claim and for lack of jurisdiction on September 17, 2024 (ECF No. 34).

Plaintiffs seek a scheduling conference "to expeditiously resolve this case to restore their constitutional rights and resume providing critical support to young people in Tennessee."  (ECF No. 42 and PageID 1081.)  Defendants respond that no scheduling conference should be set until after the Court has ruled on their motion to dismiss.  (ECF No. 43 at PageID 1087.)

For good cause shown, the Motion for Scheduling Conference is **GRANTED**.  A scheduling conference is hereby set for Wednesday, May 6, 2026, at 3:00 p.m.  The Court anticipates ruling on Defendants' motion to dismiss before that date.  If granted, the conference will be canceled.

## II.    Motion to Dismiss Plaintiff SisterReach, Inc.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  "In exercising its discretion under Rule 21, the Court must consider prejudice to the nonmoving party.  The inquiry overlaps with Rule 41 standards 'as guidance in evaluating potential prejudice to the non-movant.'"  Mullins v. C.R. Bard, Inc., No. 19-CV-85, 2020 WL 4288400, at *2 (E.D. Ky. July 27, 2020) (quoting Wilkerson v. Brakebill, No. 15-cv- 435, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017)).  In considering whether dismissing a plaintiff from a case would prejudice a defendant, courts consider four factors: "(1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending."  Id. (citing Grover v. Eli Lily & Co., 33 F.3d 716, 718 (6th Cir. 1994).

2

Plaintiffs seek to dismiss Plaintiff SisterReach, Inc.  (ECF No. 46.)  They state that

Defendants will not be prejudiced by the dismissal because Defendants have undertaken no trial

preparation at this early stage; Plaintiffs have diligently prosecuted their case; SisterReach, Inc.,

has been subjected to adverse action by "[p]rivate third parties" because of "its abortion-related

advocacy, including its prosecution of this action"; and no motion for summary judgment is

pending.  (ECF No. 46-1 at PageID 1179–80.)  In addition, Defendants do not oppose the

Motion.  (ECF No. 46 at PageID 1175.)

For good cause shown, the Motion to Dismiss Plaintiff SisterReach, Inc., is **GRANTED**.

The Clerk is **DIRECTED** to modify the style of the case accordingly.  Going forward, the style

shall be Midwest Access Coalition, Inc. v. Jonathan Skrmetti et al.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Scheduling Conference and Motion to

Dismiss Plaintiff SisterReach, Inc., are **GRANTED**.

**IT IS SO ORDERED,** this 25th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE